KAKE–TV AND RADIO, INC.,
Petitioner,

v.

UNITED STATES of America and Federal Communications Commission,
Respondents,

City of Wichita, Kansas, and AirCapital Cablevision, Inc., Intervenors.

No. 75–1666.

United States Court of Appeals,
Tenth Circuit.

Submitted May 19, 1976.

Decided July 9, 1976.

Mark H. Adams and Floyd E. Jensen, Wichita, Kan. (Paul Dobin and Ian D. Volner of Cohn & Marks, Washington, D.C., on the brief), for petitioner.

Julian J. Rush, Jr., Counsel, F.C.C., Washington, D.C. (Thomas E. Kauper, Asst. Atty. Gen., and Robert B. Nicholson, Atty., Dept. of Justice, Ashton R. Hardy, Gen. Counsel, and Daniel M. Armstrong, Associate Gen. Counsel, F.C.C., Washington, D.C., on the brief), for respondents.

Gerald Sawatzky, Wichita, Kan. (Robert C. Foulston, Wichita, Kan., Alan Y. Naftalin and Margot S. Humphrey, Washington, D.C., on the brief), for intervenor, AirCapital Cablevision, Inc.

John Dekker, Wichita, Kan., on the brief for intervenor, City of Wichita, Kansas.

Before SETH and HOLLOWAY, Circuit Judges, and TEMPLAR, Senior District Judge.

SETH, Circuit Judge.

The petitioner, KAKE–TV and Radio, Inc. brought this proceeding to review orders of the Federal Communications Commission. The orders were entered on the application of AirCapital Cablevision, Inc. for certification to enable it to commence cable television service in Wichita. The orders granted such authority.

The Commission did not hold hearings on the application, but received documents,

statements of position, objections, and other data supporting or opposing the granting of the certificate of compliance. (47 C.F.R. 76.11(a).) The petitioner KAKE appeared and opposed the application on several grounds.

This proceeding represents one of several challenges made to the franchise which Air-Capital received from the City of Wichita in 1969 to install and operate a cable television system. It is not necessary to detail the antecedent litigation and legislative acts. It is sufficient to say that a franchise was granted in 1969 and amended in 1972 which was contested in the state courts, but no decision there now remains holding it to be invalid.

KAKE–TV and Radio, Inc., here urges that the franchise is invalid, and that the Federal Communications Commission, in the proceedings relative to the certification of the franchise holder, should have had a formal hearing on the question of validity of the franchise. It also argues that AirCapital is not in substantial compliance with the Commission regulations.

The objection of KAKE in the Commission proceedings was filed at a time when KAKE was pressing legal proceedings in the Kansas state courts challenging the validity of the franchise. KAKE in its objection filed with the Commission then urged that the franchise issue was a local matter to be decided by the state courts. However, during the pendency of the Commission proceedings, the Kansas Supreme Court decided that KAKE did not have an interest in the franchise issue sufficient to enable it to litigate the question, and dismissed the action. KAKE now takes the position that the validity issue should be decided by the Commission in a full-scale hearing.

The order of the Commission here reviewed granting authority to AirCapital to begin operation recites the factors and material considered by the Commission relative to the franchise validity matter, and other matters. The chronology of the events is set forth, and particular matters were considered separately. The Commis-

sion noted that public hearings had been held by the city before it granted the franchise, that the Ordinance No. 30–413 had not been set aside by the courts, that the City formally advised the Commission that the franchise was valid and in effect. Also, the Commission noted that the Kansas Supreme Court had held that cities in Kansas did not have authority to franchise cable television, and voided Wichita's enabling ordinance (28–882) but the Kansas legislature had passed an act validating cable television franchises theretofore granted. The Commission considered other cases relative to the issue, but found none which invalidated the basic ordinance nor were there statutes or rulings with such consequences. The Commission applied a presumption of validity in these circumstances and determined that the 1969 franchise was valid for its purposes and to the extent it exercised its authority on that subject. It refused to go further, and stated that there was "substantial compliance" as contemplated in the regulations.

The Commission met the requirements of *SEC v. Chenery Corp.,* 332 U.S. 194, 67 S.Ct. 1575, 1560, 91 L.Ed. 1995; *Burlington Truck Lines v. United States,* 371 U.S. 156, 83 S.Ct. 239, 9 L.Ed.2d 207, and *NLRB v. Metropolitan Life Ins. Co.,* 380 U.S. 438, 85 S.Ct. 1061, 13 L.Ed.2d 951 in the disclosure of the basis of its decision in order that an effective review may be had.

The Commission stated that it did not intend to become involved in a dispute as to the validity of the franchise; that the matter on the record was clear enough to enable it to proceed; and that there was a need to act so that service could be provided. The petitioner would make much of the statement by the Commission that it would not become "embroiled" in the interpretation of local law, but it is no more than a short description of its policy elsewhere considered. It did make the necessary determination of the issues, including this one.

 KAKE argues that the fee to the City provided in the franchise was too high to permit substantial compliance. This however, we view to be a matter within the

discretion of the Commission. The record shows that the interested parties planned a downward revision, and also a review in 1977. We also find no merit in the cross-ownership issue advanced by those contesting the application, nor of the "highest bidder" objection.

■ The Commission recites and reveals in the orders the basis for its decision. The statute (47 U.S.C. § 309(e)) does not require a hearing on cable applications. We so held in *Conley Electronics Corp. v. F.C.C.*, 394 F.2d 620 (10th Cir.). The Commission had developed the facts fully in the proceedings, and it then applied the regulations to such facts. See *Hartford Communications Committee v. F.C.C.*, 151 U.S.App. D.C. 354, 467 F.2d 408. The argument for a full hearing made by KAKE is directed to the franchise validity issue and is apparently urged because the Kansas courts would not hear KAKE on the issue. If there is a defect in the franchise not revealed in the filings in the certification case, the matter can be decided in the Kansas courts between the proper parties. It is not the function of the F.C.C. to provide a forum to litigate such an issue, and, furthermore, the Commission is not a tribunal equipped to do so. See *Eagle Broadcasting Co. v. F.C.C.*, 169 U.S.App.D.C. 16, 514 F.2d 852 and *Committee v. F.C.C.* (D.C.Cir.). The facts that the Kansas court refused to hear the case of KAKE is of no significance here. The petitioner would seem to argue that because the state court would not hear it the Commission should, but this cannot be.

The decision of the Commission is in all aspects affirmed.